STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES, DIVISION OF PUBLIC ASSISTANCE AND SOCIAL SERVICES; and State of Wyoming, ex rel., BJC, a minor child, Appellants (Petitioners),

v.

DDM, Appellee (Respondent).

No. C–93–6.

Supreme Court of Wyoming.

June 29, 1994.

Frank D. Peasley and Kari Jo Gray of Gray & Associates, Douglas, for appellants.

P. Jaye Rippley of Brown & Drew, Casper, for appellee.

Before MACY, C.J., THOMAS, CARDINE and GOLDEN, JJ., and BROWN, J. Retired.

CARDINE, Justice.

The Department of Family Services (DFS) appeals from a district court order awarding attorney fees to DDM, who successfully defended an allegation of paternity. DFS claims that attorney fees are not statutorily authorized against it and, in the alternative, the award in this case was unreasonable.

We affirm.

DFS frames the issues for review as follows:

I. Did the trial court err in assessing a putative father's attorney fees and costs against the State of Wyoming Department of Family Services under Wyoming Statutes § 14–2–114 (1977 as amended) in a child support establishment action brought by that Department pursuant to congressional mandate as implemented under the Wyoming Child Support Enforcement Act, Wyoming Statutes §§ 20–6–101 through 109 (as amended)?

II. In a paternity action brought by the State of Wyoming pursuant to the Child Support Enforcement Act, is it unreasonable for the trial court to award fees and costs to a putative father and against the State under Wyoming Statutes § 14–2–114 (1977 as amended) when it has been established that the putative father had sexual access to the mother at the time of conception and the action is dismissed immediately following the filing of genetic test results excluding the putative father?

## FACTS

The facts are brief and uncontroverted. On November 24, 1992, DFS filed a Petition to Establish Paternity and Support for a minor child against DDM and JAD. The mother of the child did not know who the father was but had narrowed the possibilities down to DDM and JAD. DDM and JAD both admitted to having sexual access to the mother at the time of conception.

DDM and JAD agreed to have genetic tests taken to determine if either was the father. The genetic tests eliminated both JAD and DDM as possible fathers. The district court then dismissed the action against them.

DDM then filed a motion for reasonable attorney fees and costs which the district court granted in the amount of $601.97. The district court based its award on W.S. 1–14–126(b) (1993 Cum.Supp.) and W.S. 14–2–114 (1993 Cum.Supp.). DFS now appeals that award.

## DISCUSSION

We begin with the language of the statutes at issue. Wyoming Statute 1–14–126(b) provides:

> In civil actions *for which an award of attorney's fees is authorized*, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:
>
> (i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;
>
> (iii) The fee customarily charged in the locality for similar legal services;
>
> (iv) The amount involved and the results obtained;
>
> (v) The time limitations imposed by the client or by the circumstances;
>
> (vi) The nature and length of the professional relationship with the client;

> (vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and
>
> (viii) Whether the fee is fixed or contingent.

(emphasis added). Wyoming Statute 14–2–114 states that

> [t]he court may order reasonable fees of counsel, experts and the child's guardian ad litem, and other costs of the action and pretrial proceedings including genetic tests, to be paid by the parties in proportions and at times determined by the court.

Wyoming Statute 1–14–126(b) permits a court, in its discretion, to award attorney fees to a prevailing party in civil actions when such an award is authorized. The question we confront is whether W.S. 14–2–114 authorizes an award of attorney fees against DFS. Our answer depends on whether or not DFS is a "party" as that word is used in the statute.

Wyoming Statute 14–2–114 allows a court to impose costs, including reasonable fees of counsel, on the parties "in proportions and at times determined by the court." DFS correctly points out that "parties" is not defined in the statute or anywhere else in the Wyoming Parentage Act, W.S. 14–2–101 to –120. DFS claims that it is not a party but rather a "functionary" in the sense that it has no choice or interest in the action but it must, by law, attempt to establish the paternity of children whose mothers receive state financial assistance. See W.S. 20–6–101 *et seq.* (Wyoming Child Support Enforcement Act). DFS also points to W.S. 14–2–107 to support its position, claiming that the statute limits "parties" to the natural mother, the presumed fathers and the alleged fathers.

DDM counters that the Wyoming Parentage Act, read in its entirety, provides for the State to be a party. DDM also notes that DFS has an interest in the matter because a determination of paternity in a father reduces the amount of support the State is required to pay. Finally, DDM argues that the State is a party because it had standing to bring this action and DFS identified itself in its petition as a "party."

Since the disputed word "parties" in § 14–2–114 is subject to varying interpretations in this context, we turn to extrinsic aids of interpretation. See *Parker Land & Cattle Co. v. Game & Fish Comm'n*, 845 P.2d 1040, 1043 (Wyo.1993).

> In connection with judicial proceedings the term "parties" is a technical word which has a precise meaning in legal parlance. It designates the opposing litigants in a judicial proceeding—the persons seeking to establish a right and those upon whom it is sought to impose a corresponding duty or liability; it includes all the persons by whom or against whom a suit, either at law or in equity, is brought.

59 Am.Jur.2d *Parties* § 7 (1987). A "party" has also been defined as one who "is directly interested in the subject matter of the suit or some part thereof, who has a right to make defenses, control proceedings and examine and cross-examine the witnesses." *Helge v. Druke*, 136 Ariz. 434, 666 P.2d 534, 537 (App. 1983) citing *Chalpin v. Mobile Gardens, Inc.*, 18 Ariz.App. 231, 501 P.2d 407 (1972).

■ In this case, DFS initiated the action by filing the petition alleging DDM's paternity. DFS's attorney signed the stipulation for genetic testing and the order approving the tests. The attorney also filed the motion to dismiss the action against DDM after the tests were negative. DFS is listed as a petitioner in the captions of documents filed in the district court, including those filed by its counsel. Clearly, DFS participated in and exercised control over the proceedings below. There can be no doubt that DFS was a party.

■ Furthermore, DFS was a "real party in interest" since it stood to benefit if the father could have been identified. *Weber v. City of Cheyenne*, 55 Wyo. 202, 209, 97 P.2d 667, 669 (1940) ("[a] 'real party in interest' is one who has an actual and substantial interest in the subject matter * * *."). A mother, as prerequisite to receiving state aid, is required to assign to DFS any support obligations to which she is entitled. W.S. 20–6–106(a).

DFS's assertion that it is not a party because it was required by statute to bring this action is irrelevant to whether DFS is a party. While the degree of discretion accorded an agency may affect the decision to file an action, it does not relate in any way to the status of the agency once the action has been filed in court. An agency cannot bring an action and then claim it is not a party. See *Powder River Basin Resource Council v. Wyoming Environmental Quality Council*, 869 P.2d 435, 438–39 (Wyo.1994).

DFS also asserts that attorney fees cannot be imposed against it because there is no statute which specifically authorizes such an award. While a statute that waives sovereign immunity is strictly construed to favor the government, we conclude that the statute in question, W.S. 14–2–114, authorizes an award of attorney fees against DFS. See *Powder River*, at 439.

Wyoming Statute 14–2–114 allows an award of attorney fees against "the parties in proportions and at times determined by the court." The Wyoming Parentage Act contemplates that DFS will be a party to some actions under the title. W.S. 14–2–104(c) (1993 Cum.Supp.). We have already found that DFS was a party to this action. Therefore, we conclude that § 14–2–114 authorizes an award against DFS.

This case is analogous to *Powder River*. The statute at issue in that case referred only to a "party" and did not make specific reference to the State or the agency. *Id.*, at 437–38. We concluded that, in part, the plain meaning of that statute authorized the Department of Environmental Quality to make an award of attorney fees against itself in the appropriate circumstances. *Id.*, at 439. Similarly, W.S. 14–2–114 authorizes an award of attorney fees against DFS.

Finally, DFS argues that even if an award is authorized, the district court abused its discretion in awarding attorney fees to DDM in this case. Essentially DFS argues that any award against it is unreasonable because it does not have any discretion in bringing the action, it must rely on what the mother told them and DDM should not be allowed to "benefit" from extra-marital sex—he should accept the consequences of his act including the possibility of a paternity action. DFS also suggests that DDM was not a "prevailing party" under W.S. 1–14–126(b).

■ We review an award of attorney fees under an abuse of discretion standard. *LC v. TL*, 870 P.2d 374, 381 (Wyo.1994).

A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

*Martinez v. State*, 611 P.2d 831, 838 (Wyo. 1980). See also *LC*, 870 P.2d at 381, and *Rodgers v. Rodgers*, 627 P.2d 1381, 1383 (Wyo.1981).

■ The district court did not give any reasons for its award. However, we find that the award was reasonable in amount and that the district court did not abuse its discretion. There can be no doubt that DDM was a "prevailing party"—he avoided being adduced the father and becoming responsible for all the obligations that determination would entail. We are not persuaded by the policy arguments of DFS and conclude that the district court did not abuse its discretion in rejecting them.

### CONCLUSION

DFS was a party to the action, and W.S. 14–2–114 authorized an award of attorney fees against it. The district court did not abuse its discretion in awarding the attorney fees to DDM. Therefore, the district court's decision is affirmed.