**David L. NEWTON, Appellant (Claimant/Appellant),**

v.

**STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector/Appellee).**

No. 95–182.

Supreme Court of Wyoming.

Aug. 23, 1996.

Dick L. Kahl, Powell, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General;

and Jennifer A. Evans, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., THOMAS, MACY and LEHMAN, JJ., and JERE RYCKMAN, District Judge.

MACY, Justice.

Appellant David Newton (the claimant) petitioned the district court to review the hearing examiner's denial of his claim for worker's compensation benefits. The district court affirmed the hearing examiner's decision, and the claimant appealed to this Court.

We affirm.

## ISSUE

The claimant presents a single issue for our review:

The definition of "employee," as contained in W.S. § 27–14–102(a)(vii)(1993), was improperly interpreted and applied, under the facts as determined by the Hearing [Examiner], to deny coverage for [the claimant's] work related injury.

## FACTS

The claimant was the president of Dave Newton Drilling, Inc. In January 1982, Newton Drilling secured corporate officer coverage for the claimant under the Wyoming Worker's Compensation Act. In February 1993, the Wyoming Workers' Compensation Division sent a form to Newton Drilling which was entitled "Affidavit Affirming Exposure to Hazards." The affidavit form stated that, if the Workers' Compensation Division did not receive the executed affidavit by April 1, 1993, Newton Drilling's corporate officer coverage would be canceled. Newton Drilling did not return the form, and the Workers' Compensation Division canceled the claimant's coverage in April 1993.

Newton Drilling continued to list the claimant as a covered corporate officer and to pay premiums for such coverage in its April and May 1993 reports which it submitted to the Workers' Compensation Division. The Workers' Compensation Division rejected coverage for the claimant and applied the premium payments as a credit to Newton Drilling's account. In its monthly reports for June through October 1993, Newton Drilling did not list the claimant as a covered corporate officer and did not submit premium payments on his behalf.

On September 3, 1993, the claimant suffered a work-related injury to his knee, and he applied for worker's compensation benefits. The Workers' Compensation Division denied the claimant's application, insisting that the claimant's corporate officer coverage had been canceled prior to the date of his injury.

A contested case hearing was held, and the hearing examiner denied the claimant's request for worker's compensation benefits. The claimant petitioned the district court to review that decision, and the district court affirmed the decision. The claimant subsequently perfected his appeal to this Court.

## DISCUSSION

The claimant does not dispute the hearing examiner's findings of fact. He argues, instead, that the hearing examiner erred when he concluded that the claimant did not fall within the definition of an "employee" found in § 27–14–102(a)(vii) because his corporate officer coverage had been withdrawn. We are, therefore, presented with a question of law with regard to the proper interpretation and application of the statute.

■ We do not defer to an agency's conclusions of law. *Amax Coal West, Inc. v. Wyoming State Board of Equalization*, 896 P.2d 1329, 1331 (Wyo.1995). "Instead, if the 'correct rule of law has not been invoked and correctly applied, ... the agency's errors are to be corrected.'" *Thunder Basin Coal Company v. Study*, 866 P.2d 1288, 1291 (Wyo.1994) (quoting *Devous v. Wyoming State Board of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993)).

In 1993, the definition of "employee" found in WYO. STAT. § 27–14–102(a)(vii) (Supp.1994) (amended 1995) contained the statutory language which prescribed the procedures for securing and withdrawing corporate officer

coverage. That definition provided in pertinent part:

> "Employee" also includes the officers of a corporation, the business of which is classed as extrahazardous, if the officers are actually subject to the hazards of the business in the regular performance of their duties, and the employer elects to come under the provisions of this act by notifying the division by registered or certified mail, return receipt requested, at least thirty (30) days prior to the effective date of the coverage. Coverage remains effective until withdrawn by written notice to the division.

Section 27–14–102(a)(vii). The hearing examiner concluded that Newton Drilling's failure to execute the affidavit did not result in a withdrawal of the claimant's corporate officer coverage because such failure did not constitute a written notice to the Workers' Compensation Division. The hearing examiner determined, however:

> [T]he corporation did withdraw its officer coverage of [the claimant] by written notice to the Division when it stopped listing [the claimant] as a corporate officer on its monthly reports, beginning with the June 1993 report, which was received by the Division in July, and when it stopped submitting a premium for his coverage at the same time.

■ In order to resolve this case, we must apply our well established rules of statutory interpretation to determine what constituted "written notice" for withdrawing corporate officer coverage under § 27–14–102(a)(vii).

> We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a

whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*.

> *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo. 1994). "When the Court determines, as a matter of law, that a statute is clear and unambiguous, it must give effect to the plain language of the statute and should not resort to the rules of statutory construction." *Lancto v. City of Rawlins*, 892 P.2d 800, 802–03 (Wyo.1995). If, on the other hand, the Court determines that a statute is ambiguous, it may use extrinsic aids of statutory interpretation to help it determine the Legislature's intent. *Christensen v. Oedekoven*, 888 P.2d 228, 230 (Wyo.1995).

In the context of this case, the statute is clear and unambiguous. In contrast to the statutory requirement for securing corporate officer coverage which demanded that a notice be sent by registered or certified mail, the statute did not dictate that a particular type of written notice was required to effectively withdraw a corporate officer's coverage. A common definition of the term "notice" is found in BLACK'S LAW DICTIONARY 957 (5th ed. 1979): "A person has notice of a fact if he knows the fact, has reason to know it, should know it, or has been given notification of it." Under this definition, any writing which imputed the Workers' Compensation Division with knowledge that the claimant was no longer a covered corporate officer was sufficient to satisfy the "written notice" requirement.

■ We agree with the hearing examiner that the claimant's corporate officer coverage was not withdrawn by Newton Drilling's failure to return the affidavit because Newton Drilling did not send any writing to the Workers' Compensation Division at that time. Newton Drilling's monthly reports to the Workers' Compensation Division in which the claimant was not listed as a covered corporate officer are, however, another matter. WYO. STAT. § 27–14–202(a) (Supp.1994) (amended 1995)[1] required employers to file

---

1. Section 27–14–202(a) stated in pertinent part:
   (a) ... [E]ach employer shall forward to the division on forms provided by the division, a

true copy of the payroll of his employees engaged in extrahazardous employment during the current calendar month or quarterly re-

those monthly reports. The claimant had previously been listed in Newton Drilling's monthly reports as a covered corporate officer; therefore, the conspicuous absence of his name from the list of Newton Drilling's covered employees in its June through October 1993 monthly reports constituted a written notice to the Workers' Compensation Division that the claimant's coverage was being withdrawn. Newton Drilling's intent to withdraw the claimant's coverage was further evidenced by its failure to pay premiums on the claimant's behalf.

## CONCLUSION

The hearing examiner did not err in determining that the claimant's corporate officer coverage under the worker's compensation laws had been withdrawn prior to the date of his injury and that the claimant, therefore, was not entitled to receive worker's compensation benefits.

Affirmed.

TAYLOR, Chief Justice, dissenting, with whom THOMAS, Justice, joins.

It was statutorily unauthorized administrative mischief, rather than written notice from Newton Drilling, which motivated the Wyoming Workers' Compensation Division's (the Division) unilateral decision to cancel David Newton's coverage as a corporate officer. Therefore, I respectfully dissent.

Administrative actions beyond the scope of statutory authority are contrary to law and cannot stand. *Tri County Telephone Ass'n, Inc. v. Wyoming Public Service Com'n*, 910 P.2d 1359, 1361 (Wyo.1996). Just as the courts may not alter or amend worker's compensation legislation, neither may the agency charged with administration of that legislation toy with the law. *In re Sikora*, 57 Wyo. 57, 74, 112 P.2d 557, 562–63 (1941).

Newton Drilling requested corporate officer coverage for David Newton in January of 1982, and faithfully submitted monthly premiums for the next eleven years. Newton Drilling never decided to cancel that cover-

age nor undertook written notice to the Division of such a decision.

Rather, in 1993, the Division "implement[ed] new regulations for firms who have * * * corporate officer coverage" superimposing an extra-statutorial burden upon employers who had long before requested and received coverage. By administrative fiat, the mandate to Newton Drilling and similarly situated employers was clear: submit a *new* request for the coverage, in a prolix form of the Division's invention, *or else* face the arbitrary cancellation of coverage. The legislature, however, had directed no change in the means of bringing a corporate officer within coverage of the Wyoming Workers' Compensation Act or *canceling* such coverage:

> "[An] employer elects to come under the provisions of this act by notifying the division by registered mail at least thirty (30) days prior to the effective date of the coverage. *Coverage remains effective until withdrawn by written notice to the division.*"

*Hays v. State ex rel. Wyoming Workers' Compensation Div.*, 768 P.2d 11, 14 (Wyo. 1989) (*quoting* former Wyo. Stat. § 27–12–102(a)(viii)) (emphasis added).

Absent legislative directive, the Division was without authority to amend Wyo. Stat. § 27–14–102(a)(vii) (Cum.Supp.1995) so as to cancel Newton Drilling's coverage. However, the hearing officer determined that it was Newton Drilling's failure to return the unauthorized affidavit which was the factual cause for the Division's cancellation of corporate officer coverage.

Only after several months of confusion, precipitated by the Division's unlawful cancellation of corporate officer coverage, did Newton Drilling give up in frustration and cease sending premiums to the Division. It is a non-sequitur to hold that cessation of premium payments constituted "written notice" to the Division, myopically viewing the *effect* of the Division's cancellation of coverage as the cause thereof. However, even accepting such convoluted logic, the majori-

porting period, certified and affirmed by himself or a person having knowledge of the pay-

rolls under penalty of perjury.

ty's liberal construction of "written notice to the division," as used in Wyo. Stat. § 27–14–102(a)(vii), remains suspect.

I cannot believe that "written notice to the division," sufficient to cancel corporate officer coverage, contemplates anything *less* than a clear and plain declaration of the employer's decision to cancel coverage. "Reasonable notice" is defined by the Wyoming Administrative Procedure Act so as to embrace "[a] short and plain statement of the matters asserted." Wyo. Stat. § 16–3–107(b)(iv) (Cum.Supp.1996). A similar reading of "written notice," in the context of Wyo. Stat. § 27–14–102(a)(vii), strikes me as neither burdensome to the Division nor violative of clear legislative intent. To the contrary, it is the liberal construction granted in favor of the Division by the majority which amounts to precisely that sort of broad liberal construction in favor of any party which the legislature has recently declared to be an anathema. Wyo. Stat. § 27–14–101(b) (Cum. Supp.1995).

I depart from the majority in the firm belief that cancellation of pre-existing coverage, like election of such coverage *ab initio,* is a decision which the legislature has left to the sound discretion of the employer rather than to the caprice of the Division.