Donald L. PAINTER, Appellant
(Respondent),

and

Lee Melrose, Appellant
(Respondent/Employee),

v.

The STATE of Wyoming, ex rel. WYO-
MING WORKER'S COMPENSATION
DIVISION, Appellee (Petitioner).

No. 95–244.

Supreme Court of Wyoming.

Jan. 31, 1997.

Donald L. Painter, Casper, for Appellants (Respondents)

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, for Appellee (Petitioner).

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and BRACKLEY, District Judge.

LEHMAN, Justice.

The sole issue presented by this appeal is at what point an injured worker's right to appointed counsel attaches in a worker's compensation case. In this case, a hearing examiner appointed counsel for an injured worker and awarded attorney fees although no contested case was requested. The district court found that since there was no contested case, the hearing examiner lacked jurisdiction to appoint an attorney and award fees. Absent further guidance from the legislature, we hold that an injured employee is entitled to paid legal counsel when the Worker's Compensation Division issues a final determination on compensability of the injury or a claim.

We reverse the district court's order denying the hearing examiner's award of attorney fees and remand to the district court for further consideration of the payment of attorney fees incurred in responding to the Division's appeal.

## ISSUES

Appellants Lee Melrose, the injured employee, and Donald Painter, his attorney, state the issues as:

1. Whether Employee–Claimant is entitled to an award of attorney's fees for services rendered by the undersigned on behalf of Employee–Claimant.

2. Whether Employee–Claimant is entitled to an award of attorney's fees incurred in District Court in defense of the attorney's fees originally incurred.

Appellee, Wyoming Worker's Compensation Division (Division), frames the issues as:

A. Whether the Office of Administrative Hearings lacked subject matter jurisdiction to enter orders appointing an attorney and awarding attorney's fees where no party had objected to the Division's final determination and the matter had not been referred to the Office of Administrative Hearings for hearing.

B. Whether the district court abused its discretion in denying the application for attorney's fees incurred in defending the order awarding attorney's fees entered by the Office of Administrative Hearings.

## FACTS

On December 8, 1994, after unloading a Christmas turkey from his employer's truck, Melrose slipped on a patch of ice on his employer's property and sustained a back injury. On December 20, 1994, Melrose and his employer timely filed a report of injury. On that report, the employer took the position that the injury was not compensable because Melrose had clocked out for the evening twenty minutes prior to the accident.

The Division, in its Final Determination Regarding Coverage and Compensability, dated December 22, 1994, found the injury was covered by the Wyoming Worker's Compensation Act (Act). A claim was then filed and forwarded to the employer, who disapproved payment on January 4, 1995. The following day Melrose filed a motion for appointment of counsel. The record is silent until January 19, 1995, when Melrose filed a motion for award of attorney fees. In the meantime, the employer filed no request for a hearing, thereby withdrawing its objection to payment of the claim.

The hearing examiner granted Melrose's motion for appointment of counsel and awarded $281.24 in attorney fees. Appealing, the Division asserted that in the absence of a contested case the hearing examiner lacked jurisdiction to award attorney fees under W.S. 27–14–602(d). The district court agreed and held that under the contested case provisions of the Act, the Office of Administrative Hearings (OAH) had no authority to appoint an attorney. In addition, the district court found it improper to award attorney fees for the appeal to the district court because the only issue on appeal was the denial of previously awarded attorney fees.

## DISCUSSION

Judicial review of an agency action is governed by W.S. 16–3–114, which allows any person aggrieved or adversely affected by the actions or inactions of an agency to obtain review by the district court. As the reviewing court, we are required to hold unlawful and set aside agency action found to be "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;" or "[i]n excess of statutory jurisdiction, authority or limitations or lacking statutory right." W.S. 16–3–114(c)(ii)(A), (C) (1990).

■ In order to resolve this case, we must interpret the Worker's Compensation Act with respect to when a worker's right to paid legal representation accrues and apply that interpretation to the facts. Statutory interpretation is a matter of law and is reviewed de novo. *Chevron U.S.A., Inc. v. State Board of Equalization*, 918 P.2d 980, 983 (Wyo.1996). The applicable law is that which was in effect on December 8, 1994, the date of Melrose's injury. *See Matter of Worker's Compensation Claim of Jacobs*, 924 P.2d 982,

984 (Wyo.1996); *Matter of Shapiro,* 703 P.2d 1079, 1081–82 (Wyo.1985).

Section 27–14–602(d) (Supp.1994) provides the statutory authority for the appointment of counsel:

> Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or claimants or from the employer.

The Act is silent as to when an employee's right to paid legal representation accrues. It is our task, then, to determine the legislature's intent in that regard.

The Division asserts that unless and until a formal request for a hearing is made, and the case is subsequently referred to the OAH by the Division, a hearing examiner has no authority to appoint an attorney or award fees. The Division's argument assumes that the hearing examiner's authority to appoint an attorney is necessarily dependent on the jurisdiction of the OAH to decide the underlying disputed claim on its merits. Clearly, a hearing examiner acquires jurisdiction to decide a disputed claim once the Division has referred the case to the OAH. The statutory language does not, however, unambiguously support the contention that a hearing examiner cannot appoint an attorney until that time. Subsection (d) simply provides that *upon request,* the hearing examiner may appoint an attorney to represent the employee and award attorney fees at the conclusion of the *proceeding.*

■ We have often stated the precept that the worker's compensation statutory scheme should be construed as a whole, its component parts in pari materia. *Newton v. State ex rel. Workers' Compensation Div.,* 922 P.2d 863, 865 (Wyo.1996); *Little America Refining Co. v. Witt,* 854 P.2d 51, 55 (Wyo.1993). After examining the Act as a whole, looking at the component parts as well as its purposes and underlying policy considerations, we conclude that an employee is entitled to paid legal representation when the Division issues a final determination regarding compensability of an injury, whether or not a formal request for a contested case is filed.

Article 6, entitled "Contested Cases," contains provisions covering the entire claim process, from beginning to end. W.S. 27–14–601 through –616 (1991 & Supp.1994). The article describes the steps the Division must follow in reviewing an initial injury and subsequent claims for compensation, notice requirements, and review and settlement of claims, in addition to contested cases. The Act establishes a scheme whereby the Division issues final determinations on compensability. W.S. 27–14–601(a)–(d). Notice of a final determination must include a statement of reasons and a notice of the right to a hearing; any interested party may request a hearing on the final determination. W.S. 27–14–601(k)(iii), (iv).

The issuance of a final determination by the Division initiates a critical stage in the worker's compensation process during which the assistance of an attorney will likely be extremely important to the claimant. The employee has only fifteen days to request a hearing or the final determination is forever precluded from further administrative or judicial review. W.S. 27–14–601(k)(iv), (vi). Allowing an employee paid legal representation at that point will enable the employee to make an educated decision whether to agree to settlement of a claim, accept a partial award, or request a hearing.

In addition, affording legal counsel to an injured employee when the Division has issued a final determination is in accord with the stated legislative intent in creating the Act. The legislature intended "that the laws be administered by [the Division] * * * to assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers at a reasonable cost to the employers who are subjected to the * * * Act." W.S. 27–14–101 (Supp.1994). The Act "is not remedial in any sense and is not to be given a broad liberal construction in favor of any party." *Id.* Both employee and employer benefit when an employee is provided legal counsel at an early stage of the

proceedings. The employee benefits because he is able to make a fully-informed decision about the proper course of action to pursue. The employer benefits because settlement outside the contested case context is more likely. Denying an employee paid legal representation when the final determination is issued creates an incentive for the employee to contest the case, regardless of whether a settlement could otherwise be reached. A contested case proceeding results in greater time and expense for everyone involved. No doubt the $281.24 charged by Painter was considerably less than a contested case proceeding would have entailed, and resolving the problem without a contested case certainly involved less time.

■ The Division issued its final determination on the compensability of Melrose's injury on December 22, 1994. At that point in time, the hearing examiner had jurisdiction to appoint counsel upon request and award fees at the conclusion of the proceeding. We emphasize that our conclusion does not require the hearing examiner to award attorney fees to a claimant's attorney. That determination will continue to be made by the hearing examiner on a case-by-case basis pursuant to statutory standards. *See* W.S. 27–14–602(d) (Supp.1994); W.S. 27–14–608 (1991). Factually, this situation is somewhat unusual, because the final determination issued by the Division was favorable to the employee. However, after that determination was issued, a claim was submitted and the employer disapproved payment. Only then did Melrose request counsel. The record contains no indication that the claim was frivolous or in any way not justified, either factually or legally. In fact, the employer ultimately withdrew its objection. Therefore, we reverse the district court's order on appeal which reversed the hearing examiner's award of fees.

■ By its order dated August 16, 1995, the district court denied Melrose's motion for attorney fees incurred in the appeal to the district court, determining that an award of attorney fees would not be proper because the issue in the case was the denial of a previous award of attorney fees. The district court is awarded considerable discretion in awarding attorney fees under W.S. 27–14–615 (Supp.1996), but an abuse of discretion occurs where the court commits an error of law under the circumstances. *Matter of Worker's Compensation Claim of Hemme,* 914 P.2d 824, 827 (Wyo.1996); *State, Dep't of Family Services v. DDM,* 877 P.2d 259, 262 (Wyo.1994). In light of our holding that the hearing examiner acted within his jurisdiction when he appointed an attorney to represent Melrose and subsequently awarded fees, we remand to the district court for further consideration.

### CONCLUSION

The hearing examiner had jurisdiction to appoint an attorney and award attorney fees once the Division issued a final determination on the compensability of Melrose's injury. Therefore, the district court's order denying attorney fees awarded by the hearing examiner is reversed, and the district court's order denying attorney fees incurred in the appeal to the district court is remanded for further consideration pursuant to W.S. 27–14–615.

THOMAS, J., files a dissenting opinion.

THOMAS, Justice, dissenting.

I must dissent from the decision reflected in the majority opinion in this case. The district court correctly reversed the award of attorney fees by the hearing examiner because the hearing examiner had no jurisdiction. Further, there is no authority to be found in the statute for a hearing examiner to award attorney fees except in the instance of a contested case, and there was no contested case here. The decision of the district court should be affirmed.

I take it that there is no disagreement among the members of the court that the office of hearing examiners is an administrative agency. The office of hearing examiners is established pursuant to WYO. STAT. § 9–2–2201 (Supp.1994), which provides:

(a) The office of administrative hearings is created as a separate operating agency pursuant to W.S. 9–2–1704(d).

The referenced statute, WYO. STAT. § 9-2-1704 (Supp.1994), makes the agency status of the office of hearing examiners even more clear:

(a) Pursuant to this act and other laws establishing individual departments, the entire executive branch of state government shall be organized into not more than fourteen (14) principal departments except for the offices of the following officials and except as provided in subsection (d) of this section:

(i) Governor;

(ii) Secretary of state;

(iii) State treasurer;

(iv) State auditor;

(v) Attorney general;

(vi) Superintendent of public instruction.

* * *

(d) The entities of state government specified in this subsection are designated as separate operating agencies, which are separate and distinct from the departments and offices specified in subsection (a) of this section because of their quasi-judicial responsibility or because of their unique, specialized function which precludes their inclusion in another department. This act does not otherwise apply to separate operating agencies. Separate operating agencies are as follows:

* * *

(xi) Office of administrative hearings created by W.S. 9-2-2201;

Similarly, the statutory process for placing a worker's compensation matter before the office of hearing examiners is straightforward. The relevant statute, WYO. STAT. § 27-14-601 (Supp.1994), provides in pertinent part:

(k) Determinations by the division pursuant to this section and W.S. 27-14-605 shall be in accordance with the following:

* * *

(iv) Any interested party may request a hearing before a hearing examiner on the final determination of the division by filing a written request for hearing with the division within fifteen (15) days after the date the notice of the final determination was mailed by the division. If the division has not rendered a final determination within sixty (60) days following the date the claim was filed, any interested party may request a hearing before a hearing examiner in the manner prescribed by this paragraph. If the written request for hearing is sent to the division by certified or registered mail, postage prepaid, return receipt requested, proof of such mailing within the time provided by this subsection with a receipt signed by an agent of the state of Wyoming shall be presumed to be timely filing of the request with the division;

(v) Upon receipt of a request for hearing, the division shall immediately provide notice of the request to the appropriate clerk of court and the appropriate hearing authority as determined pursuant to W.S. 27-14-616[.]

The award of attorney fees by the hearing examiner is specifically provided for in the statutes, and it must be limited to those situations. The relevant provision is found in WYO. STAT. § 27-14-602 (Supp.1994) (emphasis added):

(a) A hearing examiner designated by the office of administrative hearings created by W.S. 9-2-2201 shall conduct contested cases under this act in accordance with this section.

* * *

(d) **Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding.** An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or claimants or from the employer. If the employer or division prevails, the attorney's fees allowed shall not affect the employer's experience rating. Fees allowed shall be at an hourly rate established by the director of the office of administrative hearings and any application for attorney's fees shall be supported by a verified itemization of all services provided. No fee shall be award-

ed in any case in which the hearing examiner determines the claim to be frivolous and without legal or factual justification.

An administrative agency has only the power granted to it by statute, and the justification for the exercise of any authority by the agency must be found in the statutes. *E.g., Tri County Telephone Assoc., Inc. v. Wyoming Public Service Comm'n,* 910 P.2d 1359 (Wyo.1996); *Kerr–McGee, Corp. v. Wyoming Oil & Gas Conservation Comm'n,* 903 P.2d 537, 541 (Wyo.1995); *Union Pacific Resources Co. v. State,* 839 P.2d 356 (Wyo.1992); *Jackson v. State ex rel. Workers' Comp. Div.,* 786 P.2d 874 (Wyo.1990). The jurisprudential principle applicable in this case was stated clearly by the court in *LoSasso v. Braun,* 386 P.2d 630, 631 (Wyo.1963) (citations omitted):

> If the legislature did in fact have such an intention, it failed to express it, and of course, we could not if we would act for the legislature by adding an exception which is clearly omitted. Such action would be in violation of the general rule that courts cannot supply omissions in a statute and will not read into a statute exceptions not made by the legislature. * * *

> As stated in *State ex rel. Morrison v. Anway,* 87 Ariz. 206, 349 P.2d 774, 776, it is a universal rule that courts will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions.

That is exactly what the court has done in the majority opinion. The decision enlarges, stretches, expands and extends the statute to approve the award of attorney fees that is not justified by the express provisions of the statute. It has supplied a perceived omission in the statute, by adding to the authority of the hearing examiner beyond that provided by the statute. It is bad jurisprudence, and my experience teaches me that normally bad jurisprudence results in bad law. The decision of the district court should be affirmed.