The STATE of Wyoming, The Department of Revenue and Taxation, Financial Responsibility Division, Appellant (Defendant),

v.

Frank R. KRAUS and Michael L. Buchan, Appellees (Plaintiffs).

DEPARTMENT OF REVENUE AND TAXATION, Appellant (Respondent-Defendant),

v.

Max Roy SCHULTZ, Appellee (Petitioner-Plaintiff).

Nos. 84–158, 84–169.

Supreme Court of Wyoming.

Oct. 10, 1985.

A.G. McClintock, Atty. Gen., Ron Arnold, Senior Asst. Atty. Gen., and Clinton D. Beaver, Legal Intern, for appellant.

Michael K. Shoumaker, Sheridan, and Robert J. Reese, Green River, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The essential questions that we must treat with in this case relate to reviewability of decisions of the Motor Vehicle Division of the Department of Revenue and Taxation. In one appeal we are concerned with the application of the Wyoming Declaratory Judgment Act, § 1–37–101 et seq., W.S.1977, to the revocation of drivers' licenses by the Motor Vehicle Division. In the other appeal we must address the application of the Wyoming Administrative Procedure Act to an attempt to review a refusal by the Motor Vehicle Division to restore a driver's license. Two district courts of the State of Wyoming assumed jurisdiction over proceedings brought to challenge the revocation of drivers' licenses, one pursuant to the Uniform Declaratory Judgment Act and the other as a matter of review pursuant to the Wyoming Administrative Procedure Act. Both district courts entered judgments requiring the restoration of the respective driver's licenses, and the Motor Vehicle Division of the Department of Revenue and Taxation has taken an appeal from those decisions. With respect to the requirement that the drivers' licenses be restored the Motor Vehicle Division contends that the decision of this court in *State ex rel. Motor Vehicle Division v. Holtz*, Wyo., 674 P.2d 732 (1983), should not have been given retrospective application by the district courts. We conclude that the respective district courts have jurisdiction over the proceedings presented to

them, and correctly held that the several drivers' licenses should be restored.

The Motor Vehicle Division of the Department of Revenue and Taxation suggests these issues for resolution:

"Argument I

"Appellees have failed to state a claim for which relief may be granted.

"Argument II

"Retroactivity is for the supreme court to determine."

The appellees in the case from the district court in Sheridan County, Kraus and Buchan, state the issues in this way:

"1. Does the interpretation of the Holtz decision apply to Mr. Kraus and Mr. Buchan?

"2. Was Declaratory Judgment and Mandamus a proper method of presenting the matter?"

Schultz, the appellee in the case from Sweetwater County, presents this statement of the issue:

"Whether an unlawful suspension of driving privileges should be upheld, after the Supreme Court has ruled that the statutory authority for such suspension does not exist."

Kraus's driver's license was suspended by the Motor Vehicle Division of the Department of Revenue and Taxation and upon his appeal to an independent hearing examiner the suspension was amended to a revocation for one year with a prohibited reapplication for five years. This ruling was based on three convictions, one in the justice court for Sheridan County, Wyoming; one in the justice court for Hardin, Montana; and one in the justice court for Townsend, Montana. Kraus did not appeal from the ruling of the independent hearing examiner. Following the decision in *State ex rel. v. Holtz*, supra, to the effect that convictions for driving while under the influence of intoxicating liquor in other states or under Wyoming municipal ordinances cannot be relied upon to suspend drivers' licenses under § 31–7–127(d), W.S.

1977, Kraus requested that his license be restored. He was advised by the department that the license could be restored only as provided in § 31–7–129, W.S.1977, which requires an investigation of character, habits and driving ability. Kraus then filed a complaint in the district court for the Fourth Judicial District in and for Sheridan County, seeking declaratory relief under Rule 57, W.R.C.P., and the Wyoming Declaratory Judgment Act, § 1–37–101, et seq., W.S.1977. He also prayed that a Writ of Mandamus should issue to the department to restore his license. The Department of Motor Vehicles moved to dismiss this complaint for failure to state a claim upon which relief can be granted.

Buchan's driver's license was suspended based upon three municipal court convictions in Sheridan, Wyoming. He appealed to an independent hearing officer, but did not appeal to the Department of Revenue and Taxation. The independent hearing officer entered an order revoking his license for one year and prohibiting application for five years. Buchan also made inquiry after the Holtz decision and the department recited substantially the same position they had taken with Kraus. Buchan then filed a complaint for declaratory relief with the district court in the Fourth Judicial District in and for Sheridan County and also asked for a Writ of Mandamus. The Department of Revenue and Taxation also moved to dismiss Buchan's complaint.

Subsequently the district court consolidated the cases of Kraus and Buchan, and did issue a Writ of Mandamus to the Department of Motor Vehicles requiring it to restore their licenses. The Division of Motor Vehicles of the Department of Revenue and Taxation took its appeal from that order.

Schultz's case arose in a different manner. He was convicted twice in the municipal court for Green River of driving while under the influence. An order suspending his license for one year then was entered. He did not appeal the order, but after *State*

*ex rel. Holtz v. Motor Vehicle Division,* supra, was decided he made several requests for the return of his license. Ultimately his attorney wrote to the Division of Motor Vehicles asking what the intentions of the division were. A reply was sent from the Attorney General's Office explaining that the decision in *State ex rel. Holtz v. Motor Vehicle Division,* supra, would not be applied retroactively. Schultz, through his attorney, then attempted to appeal the denial of reinstatement to the Tax Commission, but the Tax Commission responded by advising that the letter from the Attorney General was not a decision of the department and thus was not a final appealable order according to its rules. Schultz's attorney also was advised that the final order which had been entered, i.e. the order of suspension, could not then be appealed. Schultz then filed a petition to rescind suspension in the District Court of the Third Judicial District in and for Sweetwater County. That court stayed the suspension of Schultz's license and the Department of Motor Vehicles then moved to dismiss the petition asserting that it was an untimely petition for review. Later the trial court entered an opinion letter which was followed by an order reinstating Schultz's driving privileges. The Department of Motor Vehicles has appealed from that order. The two cases from Sheridan County and Sweetwater County have been consolidated for purposes of this appeal.

With respect to the proceedings in the District Court in and for Sheridan County the State contends that these declaratory judgment actions are not appropriate because they were presented following a failure of Kraus and Buchan to exhaust their administrative remedies. The State argues that under these circumstances res judicata principles prevent declaratory judgment actions from constituting justiciable controversies, and that in any event the writ of mandamus was an inappropriate remedy.

Rule 12.12, W.R.A.P., provides that declaratory judgment and mandamus actions

to compel administrative action are available by independent suit, without regard to any petitions for review which may have been filed. The Uniform Declaratory Judgment Act (§§ 1–37–101 through 1–37–115, W.S.1977) authorizes courts to declare rights whether or not other relief is available. Rule 37, W.R.C.P., provides that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." We previously have held that these provisions, when read in pari materia, indicate that because declaratory relief is an independent action, the complaint for declaratory relief need not be filed within the thirty-day time limit provided for a petition for review. *Rocky Mountain Oil and Gas Association v. State*, Wyo., 645 P.2d 1163 (1982).

■ While it is true that the declaratory judgment action filed after the period for a petition for review has expired cannot be used to obtain full review of administrative action, the plaintiffs are permitted to challenge "validity and construction of agency regulations" and the constitutionality and interpretation of statutes upon which administrative action is, or is to be, based. *Rocky Mountain Oil and Gas Association v. State*, supra, 645 P.2d at 1168. The complaints filed by Kraus and Buchan successfully challenged the agency's interpretation of the statute, § 31–5–233(e), W.S.1977, upon which the agency's refusal to restore their driving privileges was based. It follows that these declaratory judgment actions, even though filed beyond the thirty-day period within which a petition for review must be filed, fall squarely within the confines of the analysis in *Rocky Mountain Oil and Gas Association v. State*, supra, and they properly were considered by the district court.

It is the position of the Motor Vehicle Division of the Department of Revenue and Taxation that Schultz is foreclosed from administrative review because he did not appeal the ruling of the Motor Vehicle Division suspending his driver's license. The effect of its position is to limit a petition for review to the last formal order entered in a license suspension proceeding. This ignores the provisions of § 16–3–114(a), W.S.1977, which provides in pertinent part:

"Any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by *other agency action or inaction* * * * is entitled to judicial review. * * * " (Emphasis added.)

■ Following the unlawful suspension of Schultz's license the record discloses that he did request that it be reinstated. The Motor Vehicle Division of the Department of Revenue and Taxation refused to act. This constitutes the "other agency action or inaction" specified in the statute and in Rule 12.01, W.R.A.P. The petition for review must be filed within thirty days. Rule 12.04, W.R.A.P. In this instance the petition was filed within thirty days of the letter from the Tax Commission refusing to consider Schultz's claim. Under these circumstances we hold that the district court had jurisdiction over a petition to review agency inaction.

■ The position of the Department of Motor Vehicles is that even if the respective district courts properly assumed jurisdiction the decision in *State ex rel. Motor Vehicle Division v. Holtz*, supra, is not to be applied retroactively. We note that the decision in that case did not effect any change in the law. It was simply an initial construction of statute. Under those circumstances there is no reason to consider whether the decision should be given retrospective application. It simply is a declaration of what the law always was. *Witzenburger v. State ex rel. Wyoming Community Development Authority*, Wyo., 575 P.2d 1100, reh. denied 577 P.2d 1386 (1978). Cf. *Adkins v. Sky Blue Inc.*, Wyo., 701 P.2d 549 (1985); *Ostwald v. State*, Wyo., 538 P.2d 1298 (1975). It follows in the light of the decision in *Holtz*, supra, that

the suspensions of Kraus's, Buchan's and Schultz's drivers' licenses were unlawful.

We hold in these cases that all three appellees were successful in invoking the jurisdiction of the two district courts. The refusal of the Motor Vehicle Division of the Department of Revenue and Taxation to restore driving privileges which were unlawfully suspended was properly overturned by the district courts in their respective orders. There is no question that in light of this court's decision in *State ex rel. Motor Vehicle Division v. Holtz,* supra, these drivers' licenses were suspended unlawfully.

It logically follows that the decisions of the District Courts in and for Sheridan County and in and for Sweetwater County must be, and they are, affirmed.