**WYOMEDIA CORP., a Wyoming corporation, Appellant (Plaintiff),**

**v.**

**DIVISION OF UNEMPLOYMENT INSURANCE OF WYOMING DEPARTMENT OF EMPLOYMENT, Appellee (Defendant).**

**No. 91–202.**

Supreme Court of Wyoming.

Jan. 30, 1992.

Rehearing Denied Feb. 20, 1992.

John Burk, Casper, for appellant.

Joe Scott, Senior Asst. Atty. Gen., Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

In this appeal we consider the viability of a declaratory judgment action independent from review of administrative action. We are also asked to apply the doctrine of res judicata. The district court dismissed the declaratory judgment action which sought to overturn, in effect, an earlier unappealed administrative action.

We affirm.

In late April, 1989, the Division of Unemployment Insurance, Department of Employment, State of Wyoming [1] (hereinafter DU) obtained a court order closing Casper television station KFNB operated by Casper Channel 20, Inc., for nonpayment of unemployment contributions. Appellant Wyomedia Corp., which held a mortgage

---

1. Formerly titled Unemployment Compensation of the Employment Security Commission.

and security interest in most of the station's assets, obtained a foreclosure judgment and sale order against those assets and later acquired them in execution sales. Appellant decided to recommence station operations, hired employees and, nine months after the station had closed, began broadcasting.

In registering with DU as an employer, appellant claimed it had not acquired the trade, business organization or substantially all of the assets of an employer that was subject to state unemployment compensation law. Treating appellant as a new employer, not a successor employer or "acquiring employment unit," DU assigned appellant the requisite low contribution rate for unemployment tax purposes. After further investigation, however, DU determined that appellant had acquired substantially all of the assets of an employer that had been subject to state unemployment compensation law and that had been delinquent for unemployment taxes. Determining that appellant was a successor to Casper Channel 20, Inc., DU assigned appellant a much higher tax rate and transferred to appellant the delinquent account of Casper Channel 20, Inc.

DU sent appropriate notice of this action to appellant. Appellant failed to timely file its request for an administrative hearing. Appellant requested DU's reconsideration. The appeals examiner for DU notified appellant that he would hold a hearing on the timeliness of appellant's appeal. Appellant agreed that the hearing was limited to that issue. Following that hearing, the appeals examiner issued a decision dismissing appellant's appeal as untimely. Appellant appealed this decision to the three-member Unemployment Insurance Commission; the Commission affirmed the decision of the appeals examiner.

Shortly after receiving the decision of the Unemployment Insurance Commission, appellant filed a "Complaint for Declaratory Judgment," naming DU as the defendant. The averments in the complaint recite appellant's acquisition of the television station's operation and DU's action of assessing the higher contribution tax rate and transferring the delinquent account to appellant. In its request for relief, appellant asked the court to issue a declaratory judgment judicially determining appellant was not a successor employer or "acquiring employing limit" as DU had held and to order DU to reinstate the lower contribution tax rate and issue a refund of overpayment funds.

Shortly after filing this pleading, appellant filed another complaint. This amended pleading was identical to the initial pleading except for minor word changes. The complaint title was worded differently, and the relief request language, "issue a declaratory judgment judicially determining," was changed to "review the actions of the defendant and judicially determine." The substance of the requested relief remained the same.

The district court dismissed appellant's action for failure to state a cause of action for review, to identify the agency decision sought to be reviewed and to state any reason to reverse the agency's decision. In the alternative, the district court dismissed appellant's action as a declaratory judgment action for failure to timely appeal from DU's initial action. Appellant did not appeal this order.

A month later, appellant filed the pleading which is the subject of this appeal, "Complaint for Declaratory Judgment." Except for paragraph three the averments in this pleading are identical to those in the earlier declaratory judgment complaints. In that paragraph, appellant avers that the action does not involve an issue of fact requiring agency decision, but that it does involve "a claim originally cognizable by the court under the doctrine of primary jurisdiction." In paragraph three of the two earlier pleadings, appellant averred that it had exhausted its administrative remedies and had filed the action within thirty days of the final administrative decision. Appellant requested the same relief in the latest pleading.

Acting upon DU's motion to dismiss based upon res judicata grounds, the district court entered its order dismissing ap-

pellant's latest pleading. Appellant filed this appeal.

## ISSUES

Appellant states the sole issue as "whether or not the appellant was entitled to maintain a declaratory judgment action independently of administrative proceedings."

DU lists two issues:

Whether the district court was correct in dismissing Wyomedia Corporation's complaint in case No. 67104 because it was barred by the doctrine of res judicata? Whether the district court was correct in dismissing Wyomedia Corporation's complaint in case No. 67104 because the requirements for an action for declaratory judgment were not met.

## DISCUSSION

In seeking reversal of the district court's order dismissing its declaratory judgment action, appellant asks us to ignore the prior administrative proceedings as well as the unappealed district court order that dismissed appellant's first civil action originally styled as a declaratory judgment complaint and then amended to be styled as a petition for review. Rather, appellant asks us to focus only on its second civil action styled as a declaratory judgment action and to understand that action as one in which appellant is simply challenging DU's interpretation of W.S. 27–3–507. In that way, appellant believes it has squarely fit its case within the familiar surroundings of *State v. Kraus*, 706 P.2d 1130 (Wyo.1985) and *Rocky Mountain Oil and Gas Association v. State*, 645 P.2d 1163 (Wyo.1982). In this regard, appellant relies on the general statement that:

[W]here the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the [declaratory judgment] action should not be entertained. If, however, such desired relief concerns the * * * interpretation of a statute upon which the administrative action is, or is to be,

based, the [declaratory judgment] action should be entertained.

*RMOGA*, 645 P.2d at 1168.

From *Kraus*, appellant relies on this statement:

While it is true that the declaratory judgment action filed after the period for a petition for review has expired cannot be used to obtain full review of administrative action, the plaintiffs are permitted to challenge * * * the * * * interpretation of statutes upon which administrative action is * * * based. [citing *RMOGA*].

*Kraus*, 706 P.2d at 1130.

In our judgment, appellant cannot overcome at least two obstacles. One is that appellant's desired relief in the latest declaratory judgment action is full review of DU's adverse action; it is not a mere challenge of DU's interpretation of a statute. The other obstacle is that the district court's order dismissing appellant's first action, which sought the same relief as appellant's latest action, was a final order from which appellant did not appeal. The bar of res judicata is a firm barrier to appellant's latest action which seeks the identical relief denied appellant by the district court's unappealed order in the previous action.

■ That appellant's latest action seeks full review of DU's earlier adverse action and is not a challenge to DU's statutory interpretation is evident from a plain reading of the complaint. In paragraph five of that complaint, appellant avers the existence of a dispute about the proper application and interpretation of W.S. 27–3–507; nowhere in the complaint does appellant identify, describe or explain what the contending interpretations are. Moreover, in request for relief, appellant does not ask the court to interpret the statute; appellant, in effect, asks the court to substitute its decision for that of DU on issues pertaining to the administration of the unemployment compensation law for which DU was created. Thus, appellant asks the court to judicially determine that a foreclosing creditor is not an "acquiring em-

ploying unit" under the law, and also asks the court to order DU to reinstate the lower contribution rate and to issue a refund of overpayment funds.

■ That appellant's latest action is barred by res judicata is also clearly evident. The district court dismissed appellant's first action in which appellant sought the same judicial determination as appellant seeks in its latest action. All of the elements required for the doctrine of res judicata to apply are present: the parties are the same in both actions, the subject matter is the same in both actions, the issues are the same and relate to the subject matter in both actions, and in both actions the capacities of the parties are identical in reference to the subject matter and the issues. *Matter of Estate of Newell*, 765 P.2d 1353, 1355 (Wyo.1988).

Affirmed.