TRI COUNTY TELEPHONE ASSOCIATION, INC., and U S West Communications, Inc., Appellants (Petitioners),

v.

The WYOMING PUBLIC SERVICE COMMISSION; Bil Tucker, John R. Smyth, and Stephen N. Ellenbecker, in their official capacities as Commissioners of the Wyoming Public Service Commission, Appellees (Respondents).

No. 94–268.

Supreme Court of Wyoming.

Feb. 8, 1996.

Bruce Asay, Cheyenne, for Appellant Tri County Telephone Ass'n, Inc.

Paul J. Hickey and Richard D. Bush of Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, and Walter M. Kelly, II, U S West Law Department, Denver, Colorado, for Appellant U S West Communications, Inc.

Joseph B. Meyer, Attorney General; Michael L. Hubbard, Senior Assistant Attorney

General; and Kristin Lee, Assistant Attorney General, Cheyenne, for Appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Overzealous regulation by an administrative agency thwarted U S West Communications, Inc.'s attempt to sell certain telephone exchanges in Wyoming. The administrative agency set a cap on the sale price of certain telephone exchanges. In the absence of statutory authority, the administrative agency's order cannot stand.

We reverse and remand.

## I. ISSUES

Appellant, U S West Communications, Inc. (U S West), states the issues as:

### I.

Should the PSC's unilateral adjustment of the telephone exchange purchase price be set aside as unlawful agency action?

### II.

Is the price cap imposed by the PSC an unconstitutional regulatory taking without just compensation?

Appellee, The Wyoming Public Service Commission (PSC), articulates the following issues:

I.    Did the Public Service Commission act within the scope of its authority?

II.   Did the Public Service Commission act arbitrarily or capriciously when it set a ceiling price?

III.  Did the Public Service Commission order an unconstitutional regulatory taking of U S West's property?

**1.** The appeal involving Union is addressed in *Union Telephone Co., Inc. v. Wyoming Public Service Com'n,* 910 P.2d 1362 (Wyo.1996).

**2.** Pursuant to Wyo.Stat. § 37–2–205(c) (Cum. Supp.1995), the PSC is authorized to issue certificates of convenience and necessity to public utilities that demonstrate the financial ability and

## II.   FACTS

This case is a result of the PSC's excessive regulation of the communications industry. Following a determination that the citizens of the state would be best served by high quality communications systems, the PSC ordered U S West to upgrade the telephone exchanges it owned in Wyoming. After studying the systems in place, U S West chose to sell twenty-seven of the telephone exchanges rather than upgrade. Bids were entertained and Tri County Telephone Association (Tri County) and Union Telephone Company, Inc. (Union)[1] contracted with U S West to purchase certain telephone exchanges.

US West and the two suitors, Tri County and Union, petitioned the PSC for a transfer of the certificates of necessity held by U S West.[2] Absent the transfer of the certificates, neither Tri County nor Union could lawfully exercise any rights associated with the telephone exchanges the two companies intended to purchase.[3] The PSC concluded that the proposed sales were in the best interest of the public and Tri County and Union were ready, willing and able, both financially and technologically, to provide the required upgrades. However, the PSC also concluded that neither Tri County nor Union should be allowed to pay more than 1.7 times the net book value of the telephone exchanges. The price agreed to by U S West and the two purchasers was more than 1.7 times the net book value of the telephone exchanges. Therefore, the PSC refused to transfer the certificate of necessity from U S West to the purchasers until the parties agreed on a price of not more than 1.7 times the net book value of the telephone exchanges. US West and the two potential purchasers have appealed the PSC's decision to cap the purchase price.

the good faith intent to provide service in an area that needs the proposed service.

**3.** Wyo.Stat. § 37–2–205(b) provides that "[n]o public utility shall henceforth exercise any right or privilege * * * without having first obtained from the commission a certificate that public convenience and necessity require the exercise of such right and privilege[.]"

## III. DISCUSSION

When reviewing an administrative agency's decision, this court will consider, among other factors, whether the agency exceeded its statutory authority. *See* Wyo. Stat. § 16–3–114(c)(ii)(C) (1990). As a creature of the legislature, an administrative agency has limited powers and can do no more than it is statutorily authorized to do. *Montana Dakota Utilities Co. v. Public Service Com'n of Wyoming,* 847 P.2d 978, 983 (Wyo.1993) (*quoting Tri–County Elec. Ass'n v. City of Gillette,* 525 P.2d 3, 8–9 (Wyo. 1974)). Any agency decision that falls outside the confines of the statutory guidelines articulated by the legislature is contrary to law and cannot stand. Wyo.Stat. § 16–3–114(c)(ii)(C). Such decisions are arbitrary and capricious. Wyo.Stat. § 16–3–114(c)(ii)(A).

The PSC argues that it has the power to cap the sale price of a telephone exchange at 1.7 times the net book value of the exchange. Whether the PSC possesses this power will be determined by reviewing the statute that grants the PSC its power. That statute will be strictly construed. *Montana Dakota Utilities Co.,* 847 P.2d at 983. If there is a reasonable doubt as to the existence of a particular power, the statute will be construed as not granting that power. *Id.* (*quoting Tri–County Elec. Ass'n,* 525 P.2d at 8–9).

Wyo.Stat. §§ 37–2–101 to 37–2–221 (1977 & Cum.Supp.1995) establishes the PSC and sets forth the powers that the PSC is authorized to exercise. Among the powers granted is the power to issue certificates of necessity to public utilities. *See* Wyo.Stat. § 37–2–205. The PSC argues that Wyo.Stat. § 37–2–205(c) authorizes it to condition the issuance of a certificate of necessity by setting a cap on the purchase price of a telephone exchange. We disagree.

Wyo.Stat. § 37–2–205(c) provides, in part: The commission shall have power, after hearing involving the financial ability and good faith of the applicant and the necessity of additional service in the community, to issue said certificate, as prayed for, or to refuse to issue the same, * * * and may attach to the exercise of the rights granted by said certificate such terms and conditions as in its judgment the public convenience and necessity may require.

This statute requires that the PSC determine three things prior to issuing a certificate. The PSC must determine whether the applicant has the financial ability to provide the proposed service, whether the applicant has a good faith intention to provide the proposed service and whether the public needs the proposed service. The PSC's own findings establish the fulfillment of this criteria. The PSC found that Union and Tri County had the financial ability as well as the good faith intent to provide the necessary upgrades. Further, the PSC itself ordered the upgrades, and the necessity of the upgrades has not been challenged.

Once these requirements have been satisfied, the PSC has several options under Wyo. Stat. § 37–2–205(c). Conditioning the issuance of the certificate on the parties' acceptance of a price cap is not, however, one of those options. We hold that the statutory scheme that creates and empowers the PSC does not grant the PSC the power to cap the price of a telephone exchange at 1.7 times the net book value of the telephone exchange. Wyo.Stat. § 37–2–205(c) empowers the PSC to condition certificates that have already been issued, but does not empower the PSC to attach conditions precedent.

## IV. CONCLUSION

The PSC's order capping the sale price of the telephone exchanges at 1.7 times the net book value of the exchanges is reversed. The order is not supported by the requisite statutory authority and is, therefore, arbitrary and capricious. This case is remanded for further proceedings consistent with this opinion.