UNION TELEPHONE COMPANY, INC.; and U S West Communications, Inc., Appellants (Petitioners),

v.

The WYOMING PUBLIC SERVICE COMMISSION; Bil Tucker, John R. Smyth, and Stephen N. Ellenbecker, in their official capacities as Commissioners of the Wyoming Public Service Commission, Appellees (Respondents),

and

Silver Star Telephone Company, Inc., Appellee (Respondent).

No. 94–269.

Supreme Court of Wyoming.

Feb. 8, 1996.

Bruce S. Asay, Cheyenne, and V. Anthony Vehar of Vehar, Beppler, Lavery, Rose & Boal, P.C., Evanston, for Appellant Union Telephone Co., Inc.

Paul J. Hickey and Richard D. Bush of Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, and Walter M. Kelly, II, U S West Law Department, Denver, Colorado, for Appellant U.S. West Communications, Inc.

Joseph B. Meyer, Attorney General; Michael L. Hubbard, Senior Assistant Attorney General; and Kristin Lee, Assistant Attorney General, Cheyenne, for Appellee Wyo. Public Service Com'n and its Commissioners.

Dennis L. Sanderson, Afton, for Appellee Silver Star Telephone Co., Inc.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

This case is almost identical to *Tri County Telephone Assoc. v. Wyoming Public Service Com'n*, 910 P.2d 1359 (Wyo.1996). Both cases raise questions about the scope of the Wyoming Public Service Commission's authority. Here, as in *Tri County Telephone Assoc.*, the Wyoming Public Service Commission set a cap on the sale price of certain telephone exchanges. Additionally, this case raises questions regarding the Wyoming Public Service Commission's authority to order the sale of a telephone exchange to a particular company. The Wyoming Public Service Commission's actions exceed the scope of its statutory authority and cannot stand.

We reverse and remand.

## I. ISSUES

Appellant, U S West Communications, Inc. (U S West), identifies the following issues:

### I.

Did the PSC act lawfully in imposing a price cap on the sale of U S West's Afton exchange?

### II.

Is the price cap imposed by the PSC an unconstitutional regulatory taking without just compensation?

### III.

Did the PSC act contrary to law, and in excess of its statutory authority in granting Silver Star certificate authority for Afton in light of the contract between U S West and Union?

Appellant, Union Telephone Company, Inc. (Union), states the issues in the following manner:

*Issue 1:* The Commission's denial of Union's request to purchase the Afton exchange was contrary to law.

(a) Appellant Union is fit, willing and able to provide utility service to the Afton exchange and such transaction is consistent with the public interest.

(b) The Commission applied the incorrect standard of review.

(c) The Commission's order granting Silver Star a certificate of public convenience and necessity to serve the Afton exchange was not supported by substantial evidence.

*Issue 2:* The Order of the Commission creating a dual certificate in the Afton exchange was contrary to the Wyoming Administrative Procedure Act as it was entered without adequate notice and without appropriate procedural considerations.

*Issue 3:* The procedural rulings of the Commission were arbitrary and capricious such that the Appellants were denied due process of law.

*Issue 4:* The Commission's denial of Union's petition for a rehearing was contrary to law.

*Issue 5:* The award of dual certificate is an unconstitutional regulatory taking without compensation.

*Issue 6:* The Commission's imposition of a price cap was contrary to law.

Appellee, The Wyoming Public Service Commission (PSC), states the issues as follows:

I. Was the Public Service Commission's denial of Union's request to purchase the Afton exchange arbitrary, capricious and contrary to law?

II. Did the Public Service Commission err when it granted Silver Star a transitional certificate of authority?

III. Did the Public Service Commission deny appellant Union due process of law?

IV. Did the Public Service Commission err when it denied appellant Union's petition for rehearing?

V. Did the Public Service Commission order an unconstitutional regulatory taking?

Appellee, Silver Star Telephone Company, Inc. (Silver Star), presents the following issues for review:

> A. Did the post-order stipulation of the parties resolve the issues raised on appeal pertaining to dual certification?
>
> B. Was the Order granting Silver Star's application for certificate of public convenience and necessity arbitrary and capricious and contrary to law?
>
> C. Is there substantial evidence to support the Wyoming Public Service Commission's * * * Order granting Silver Star a certificate of public convenience and necessity?

## II. FACTS

The factual framework for this case is, in large part, laid out in *Tri County Telephone Assoc.*, 910 P.2d at 1360–1361:

> This case is a result of the PSC's excessive regulation of the communications industry. Following a determination that the citizens of the state would be best served by high quality communications systems, the PSC ordered U S West to upgrade the telephone exchanges it owned in Wyoming. After studying the systems in place, U S West chose to sell twenty-seven of the telephone exchanges rather than upgrade. Bids were entertained and Tri County Telephone Association (Tri County) and Union Telephone Company, Inc. (Union) contracted with U S West to purchase certain telephone exchanges.
>
> U S West and the two suitors, Tri County and Union, petitioned the PSC for a transfer of the certificates of necessity held by U S West. Absent the transfer of the certificates, neither Tri County nor Union could lawfully exercise any rights associated with the telephone exchanges the two companies intended to purchase. The PSC concluded that the proposed sales were in the best interest of the public and Tri County and Union were ready, willing and able, both financially and technologically, to provide the required upgrades. However, the PSC also concluded that neither Tri County nor Union should be allowed to pay more than 1.7 times the net book value of the telephone exchanges.

> The price agreed to by U S West and the two purchasers was more than 1.7 times the net book value of the telephone exchanges. Therefore, the PSC refused to transfer the certificate of necessity from U S West to the purchasers until the parties agreed on a price of not more than 1.7 times the net book value of the telephone exchanges. U S West and the two potential purchasers have appealed the PSC's decision to cap the purchase price.

In this case, there is an additional twist. Silver Star, a company which lost out in the competitive bidding process to Union, filed an intervenor's petition with the PSC, apparently seeking to acquire the Afton exchange by order of the PSC. Ultimately, the PSC ordered that the Afton telephone exchange, one of several telephone exchanges Union had agreed to purchase from U S West, be sold to Silver Star rather than Union. This order was entered despite the fact that Union and U S West had already executed a contract under which Union had agreed to purchase the Afton telephone exchange. Union and U S West appeal that order, in addition to appealing the price capping order.

## III. DISCUSSION

■ The cap issue was discussed and resolved in *Tri County Telephone Assoc.*, 910 P.2d at 1361. There we concluded that the PSC had exceeded its statutory authority when it capped the sale price of a telephone exchange at 1.7 times the net book value of the exchange. The same conclusion applies in this case. The PSC simply did not have the power to cap the price of the telephone exchanges under the statutory scheme that grants it the power to act. *Id.*

■ Nor does that statutory scheme grant the PSC power to command U S West to sell the Afton telephone exchange to Silver Star rather than to Union. The PSC argues that it ordered U S West to sell to Silver Star because the sale was in the best interest of the public. In its appellate brief, the PSC says "[t]he determining factor that convinced the PSC that Silver Star should be the telephone company in Afton was the overriding public support presented before the PSC by

the public directly affected by the proposed transfer of the Afton exchange." This position is utterly indefensible.

 The PSC is not authorized to meddle in the private sector's contractual affairs. *See Bruegman v. Johnson Ranches, Inc.*, 520 P.2d 489, 491 (Wyo.1974). We can find no statutory language that even remotely authorizes the PSC to consider such "polling data" when determining whether to issue a certificate of public necessity. The PSC's order granting Silver Star a conditional certificate of public convenience and necessity must be reversed as unlawful meddling. The PSC had no statutory authority to order U S West to negotiate with Silver Star. The order is, therefore, arbitrary and capricious. The heavy-handed regulation practiced by the PSC in this case is not to be favored in an increasingly competitive telecommunications industry. *See* Wyo.Stat. § 37–15–102 (Cum.

Supp.1995) (detailing the legislative intent regarding the Wyoming Telecommunications Act of 1995).

## IV.   CONCLUSION

The PSC's order capping the sale price of the telephone exchanges at 1.7 times the net book value of the exchanges is reversed. Additionally, the order that U S West sell the Afton telephone exchange to Silver Star is reversed. Neither order is supported by the requisite statutory authority. This case is remanded for further proceedings consistent with this opinion.