**Donald E. BENDER, Appellant (Plaintiff),**

v.

**Michael GREER, Appellee (Defendant).**

**No. 98–325.**

Supreme Court of Wyoming.

Feb. 15, 2000.

Representing Appellant: Donald E. Bender, pro se.

Representing Appellee: William P. Schwartz of Ranck, Schwartz & Day, LLC, Jackson, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Appellant Donald E. Bender brought this appeal contending that a hearing officer's decision to serve in that capacity is a final and appealable agency decision. The district court dismissed his petition for review for failure to exhaust administrative remedies. We affirm.

## ISSUES

Bender presents the issues as:

I. Whether the Uinta County and Prosecuting Attorney is an agency as defined by W.S. § 16–3–101(b)(i) with the authority to change the properly promulgated rules of practice and procedures governing appeals before the Uinta County Board of Equalization?

II. Whether the Uinta County and Prosecuting Attorney is not in compliance with the rules of practice and procedures governing appeals before the Uinta County Board of Equalization when he serves as the hearing officer?

III. Whether the Uinta County and Prosecuting Attorney can provide legal advice pursuant to W.S. § 18–3–302(a)(ii), or perform other duties pursuant to W.S. § 18–3–302(a)(iv), while he is serving as the hearing officer for the Uinta County Board of Equalization?

IV. Whether W.S. § 33–5–101 through 33–5–117, or the rules of professional conduct for attorneys at law, provide the authority for the Uinta County and Prosecuting Attorney's conduct at the November 19, 1997 hearing of the Uinta County Board of Equalization?

Appellee Michael Greer states the issues as:

A. Did the district court abuse its discretion in dismissing Appellant's petition for review because of appellant's failure to exhaust his administrative remedies?

B. Has Appellant's appeal been rendered moot because appellee is no longer the Uinta County Attorney?

## FACTS

Bender appealed the 1997 property tax assessment on his home to the Uinta County Board of Equalization (Board). For the hearing, the Board utilized the services of the county attorney, Greer, as the administrative hearing officer. Bender contends that Greer acted as both legal advisor and hearing officer to the Board, and he characterizes this as a conflict. He filed motions for Greer to recuse himself and for a continuance to seek judicial review of the Board's decision to permit the county attorney to act as a hearing officer. When it appeared that Greer would continue to act as the hearing officer, Bender filed a petition for review on December 19, 1997, against Greer personally, before a final decision of the Board issued.

Specifically, the petition for review contended that Greer violated applicable agency rules and procedures when he acted as the hearing officer before the Uinta County Board of Equalization, claiming that the Board's rules mandate that "[t]he Chairman of the Board shall conduct the hearing." Bender claimed that Greer advised the Board to deny his motions for Greer to recuse himself and for a continuance to seek judicial review of Greer's interpretation of the rules. In the petition for review, Bender requested that the court "review the conduct of Mr. Greer as the Attorney to the Uinta County Board of Equalization in light of the RULES, and provide for the correction of the errors complained of, and that an authenticated transcript of the record, proceedings, and papers in the proceeding be filed with this court." He further requested "any additional relief that the Court deems just and proper to mitigate the November 19, 1997 errors, and eliminate future procedural problems in this ongoing two and one-half year old assessment valuation protest before the Uinta County Board of Equalization."

Greer, then representing himself, filed a motion to dismiss for failure to state a claim for which relief could be granted because Bender had filed the action against him personally and because the Board had not issued a final action from which Bender could properly appeal. The district court determined that Bender was not entitled to judicial relief until the required administrative remedies had been exhausted and a final agency decision issued. The district court dismissed Bender's petition for review, and this appeal followed.

## DISCUSSION

On appeal, Bender contends that a county attorney is an "agency" as defined in Wyo. Stat. Ann. § 16–3–101(b)(i), and his conduct is subject to judicial review. He further

contends that any further pursuit of an administrative remedy would be futile. Greer asserts that the agency action required to exhaust administrative remedies must be a final decision from the Board, and, without that final action, the district court's dismissal should be affirmed.

■ "The election of a court to decline jurisdiction on the basis of non-exhaustion of administrative remedies is vested in the sound exercise of its discretion." *Routh v. State, ex rel. Wyoming Workers' Compensation Div.*, 952 P.2d 1108, 1115 (Wyo.1998), *cert. denied*, 525 U.S. 814, 119 S.Ct. 49, 142 L.Ed.2d 38 (1998).

> The exhaustion doctrine applies where an agency alone has been granted or found to possess exclusive jurisdiction over the case. The purpose of the doctrine then is to avoid premature interruption of the administrative process where the agency has been created to apply a statute in the first instance.

*Id.* "In Wyoming, judicial action is withheld until the administrative process has run its course." *Id.* (citing *Wagoner v. State, Dep't of Admin. and Information*, 924 P.2d 88, 91 (Wyo.1996)).

■■ In this case, Bender protested his property tax assessment in accordance with Wyoming statute.[1] The Uinta County Board of Equalization is granted and possesses exclusive jurisdiction over the case, and it is improper to bring a petition for review personally against Greer. In handling Bender's protest, the Board decided to utilize the services of the county attorney. Bender protested this decision to the Board, claiming that it violated the Board's rules and claiming that Greer should be disqualified for bias. Generally, a claim that an agency's rules are invalid or are improperly construed may be the subject of a declaratory judgment action while pursuing agency proceedings. *Memorial Hosp. of Laramie County v. Dep't of*

*Rev. and Tax. of State of Wyo.*, 770 P.2d 223, 225 (Wyo.1989); *Rocky Mountain Oil and Gas Ass'n v. State*, 645 P.2d 1163, 1167–68 (Wyo.1982); *State v. Kraus*, 706 P.2d 1130, 1133 (Wyo.1985). Bender did not pursue a declaratory judgment action against the Board. He instead chose to improperly proceed against Greer, and we affirm the district court's decision to dismiss his petition for review.

---

1. At the time that Bender filed his tax protest, June 3, 1997, the statute in effect was Wyo. Stat. Ann. § 39–2–302. In 1998, that statute was repealed and replaced by Wyo. Stat. Ann. § 39–13–102, which states in relevant part:

   (c) The board of county commissioners of each county constitutes the county board of equalization. The county board shall meet at the office of the county commissioners at such times as necessary.... The county board of equalization shall:

   * * *

   (iv) Hear and determine the complaint of any person relative to any property assessment or value as returned by the county assessor subject to W.S. 39–13–109(b)(i)[.]