2008 WY 148

**STATE of Wyoming, DEPARTMENT OF TRANSPORTATION, Appellant (Respondent),**

v.

**James ROBBINS, Appellee (Petitioner).**

No. S-08-0077.

Supreme Court of Wyoming.

Dec. 15, 2008.

---

**1244**

Representing Appellant: Bruce A. Salzburg, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Michael Thomas Kahler, Assistant Attorney General.

Representing Appellee: Mike Cornia, Evanston, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   James Robbins initiated this declaratory judgment action to challenge the constitutionality of the statutes under which the Wyoming Department of Transportation disqualified him from operating commercial motor vehicles.   Rather than deciding the constitutional question, the district court ruled that the Department lacked authority to disqualify Mr. Robbins because he had not been convicted of any crime relating to driving while under the influence of alcohol.   On this basis, the district court ruled that the Department lacked subject matter jurisdiction, and in turn, that the district court lacked jurisdiction to consider the declaratory judgment action.

[¶ 2]   The Department appealed.   We conclude that the district court did have subject matter jurisdiction.   We will reverse and remand this case to the district court to consider Mr. Robbins' claim that the applicable statutes are unconstitutional.

### ISSUE

[¶ 3]   The single dispositive issue in this case is whether the district court had subject matter jurisdiction over Mr. Robbins' declaratory judgment action.

### FACTS

[¶ 4]   On March 31, 2006, James Robbins stopped his semi-tractor and trailer at the port of entry in Evanston, Wyoming.   The clerks smelled alcohol on his breath, and contacted the highway patrol.   A patrolman arrived at the port of entry and confronted Mr. Robbins, who admitted that he had been drinking earlier in the day.   Mr. Robbins consented to chemical breath testing.   Two tests were done, with respective blood alcohol concentrations of 0.040% and 0.041%.

[¶ 5]   Mr. Robbins was not arrested, nor was he charged with any crime relating to this event.   However, the Wyoming Department of Transportation notified Mr. Robbins that he would be disqualified from driving commercial motor vehicles.   Mr. Robbins re-

quested a contested case hearing before the Office of Administrative Hearings. At his hearing, Mr. Robbins asserted that he could not be disqualified because he had not been convicted of any crime. The hearing examiner rejected Mr. Robbins' argument, and upheld the Department's disqualification of Mr. Robbins.

[¶ 6] Mr. Robbins filed a petition for judicial review in the district court, repeating his argument that he could not be disqualified because he had not been convicted of a crime. Later, however, Mr. Robbins dismissed his petition for review, and instead filed a declaratory judgment action asserting that the applicable statutes were unconstitutional because they did not establish an appropriate burden of proof for his disqualification. The constitutional issues were briefed, and a hearing was held, but the district court declined to decide the issues presented. Instead, it ruled that the Department lacked authority to disqualify Mr. Robbins because he had not been convicted of a crime. Further, the district court ruled that the Department lacked subject matter jurisdiction, which in turn deprived the district court of subject matter jurisdiction to consider Mr. Robbins' declaratory judgment action. The Department appealed the district court's decision.

## STANDARD OF REVIEW

[¶ 7] "Inasmuch as the facts are not in dispute and the issues present questions of law, this [C]ourt conducts a *de novo* review of the district court's conclusions of law." *Anderson v. Bommer*, 926 P.2d 959, 961 (Wyo.1996).

## DISCUSSION

[¶ 8] The district court's decision hinged upon this statutory provision:

(a) Any person is disqualified from driving a commercial motor vehicle for a period of not less than one (1) year if convicted of:
. . .

(ii) Driving or in actual physical control of a commercial motor vehicle while the alcohol concentration of the person's blood, breath or other bodily substance is four one-hundredths of one percent (0.04%).

Wyo. Stat. Ann. § 31–7–305 (LexisNexis 2007). The district court interpreted this provision to mean that a person may be disqualified from driving a commercial motor vehicle only if he is convicted of the listed offense. It interpreted the term "convicted" as referring to a criminal conviction. The district court then reached this conclusion:

The decision by WYDOT to disqualify Robbins as a commercial driver without a conviction of one of the offenses stated in W.S. § 31–7–305(a), "falls outside the confines of the statutory guidelines articulated by the legislature [and] is contrary to law and cannot stand." *Tri County Telephone Association, Inc. v. Wyoming Public Service Commission*, 910 P.2d 1359, 1361 (Wyo.1996). . . . The Court must conclude that neither WYDOT nor the OAH officer had subject matter jurisdiction to disqualify Robbins in the absence of a conviction of an offense specified under W.S. § 31–7–305(a). Because the agency did not have subject matter jurisdiction, this Court will not address the constitutional issues raised by Robbins.

[¶ 9] We need not decide if the district court was correct in its ruling that a criminal conviction is required before a person may be disqualified from driving a commercial motor vehicle.[1] Even if that is so, it does not mean that the Department lacked subject matter jurisdiction to disqualify Mr. Robbins. This is demonstrated in the case relied upon by the district court. In *Tri County Telephone*, 910 P.2d at 1361, we ruled that the agency's action was "not supported by the requisite statutory authority." We therefore reversed the agency decision and remanded the case for further proceedings. We did not hold that the agency lacked subject matter juris-

---

1. The Department contends that conviction of a criminal offense is not required because "conviction" is defined by statute to "include . . . *a determination of a violation in* a court of origi-

nal jurisdiction or *an administrative proceeding.*" Wyo. Stat. Ann. § 31–7–102(a)(xi)(A) (emphasis added).

diction, or that the Court lacked jurisdiction to decide the case.

[¶ 10] In *State v. Kraus*, the Department suspended Mr. Kraus's driver's license because of "three convictions, one in the justice court for Sheridan County, Wyoming; one in the justice court for Hardin, Montana; and one in the justice court for Townsend, Montana." 706 P.2d 1130, 1131 (Wyo.1985). Under the statutes then in effect, however, "convictions for driving while under the influence of intoxicating liquor in other states or under Wyoming municipal ordinances cannot be relied upon to suspend drivers' licenses." *Id.* Mr. Kraus filed a declaratory judgment action seeking to have his license restored. We agreed with Mr. Kraus that the Department had improperly suspended his license. However, we did not rule that the Department lacked subject matter jurisdiction over Mr. Kraus's case, or that the district court lacked subject matter jurisdiction over Mr. Kraus's declaratory judgment action. Rather, we affirmed the district court's order requiring the Department to restore Mr. Kraus's driver's license. We would not have done that—we could not have done that—if the Department, the district court, or this Court lacked subject matter jurisdiction over the case.

[¶ 11] The Department's authority to disqualify Mr. Robbins from operating commercial motor vehicles is found in the statutes. Wyo. Stat. Ann. § 31–7–307. The Department had subject matter jurisdiction to decide Mr. Robbins' disqualification case. Whether that decision was consistent with the statutory requirements or not, the Department still had subject matter jurisdiction to consider Mr. Robbins' case.

[¶ 12] The statutes also provide the district court with subject matter jurisdiction over Mr. Robbins' declaratory judgment action. Pursuant to Wyo. Stat. Ann. § 1–37–102:

> Courts of record within their respective jurisdictions may declare rights, status and other legal regulations whether or not further relief is or could be claimed. No proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may

be either affirmative or negative in form and effect, and such declarations shall have the effect of a final judgment.

Even though Mr. Robbins dismissed his petition for judicial review of the Department's decision, he may still challenge the constitutionality of the underlying statutes through a declaratory judgment action. As we have explained:

> Ordinarily, a declaratory judgment action is not a substitute for an appeal [from administrative decisions.] ... If, however, such desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based, it should be entertained.

*Wyoming Community College Comm'n v. Casper Community College Dist.*, 2001 WY 86, ¶ 13, 31 P.3d 1242, 1248 (Wyo.2001) (quoting *Rocky Mountain Oil & Gas Ass'n v. State*, 645 P.2d 1163, 1168 (Wyo.1982)). As the quotation suggests, the district court should entertain Mr. Robbins' declaratory judgment action in this case.

[¶ 13] We therefore reverse the district court's decision that it lacked subject matter jurisdiction. We decline to decide the constitutional issues at this point because the parties did not brief those issues for this Court. We therefore deem it prudent to have the district court decide those issues in the first instance. Accordingly, we remand this case to the district court to consider Mr. Robbins' declaratory judgment action challenging the constitutionality of the statutes under which the Department disqualified him from driving commercial motor vehicles.