2011 WY 23

STATE of Wyoming, DEPARTMENT OF TRANSPORTATION, Appellant (Defendant),

v.

James T. ROBBINS, Appellee (Complainant).

No. S–10–0048.

Supreme Court of Wyoming.

Feb. 10, 2011.

Representing Appellant: Bruce A. Salzburg, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Michael T. Kahler. Argument by Mr. Kahler.

Representing Appellee: Mike Cornia, Evanston, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶] The State of Wyoming challenges the district court's finding that the standard of clear and convincing evidence was required to uphold a commercial driver's license disqualification, rather than a standard of preponderance of the evidence. Also, the State challenges the lower court's finding that James Robbins' constitutional right to due process was violated. We reverse.

## ISSUE

[¶ 2] The State raises one issue before this Court:

Whether the district court erred in finding that "clear and convincing evidence" rather than a "preponderance of the evidence," is required to uphold a commercial driver's license disqualification in a contested case proceeding and in finding that [Robbins'] constitutional right to due process was violated.

## FACTS

[¶ 3] On March 31, 2006, the clerks at the Port of Entry in Evanston, Wyoming, contacted the Wyoming Highway Patrol to report a truck driver with the odor of alcohol on his breath. Trooper Hutchinson arrived at the Port of Entry and made contact with the driver of the semi-truck, James T. Robbins.

[¶ 4] Robbins admitted to drinking earlier in the day. Based upon his admission, and the fact that the trooper smelled the odor of alcohol, Robbins submitted to a breathalyzer test, which showed a .073% blood alcohol concentration. After waiting fifteen minutes to take a second breath test, Robbins' second blow resulted in a .050% blood alcohol concentration. Field sobriety tests were also administered, after which Trooper Hutchinson determined that in accordance with federal motor vehicle guidelines, Robbins should be transported to the Uinta County Sheriff's Office for chemical testing of his breath. Implied consent advisements were read, and Robbins consented to the breath test, which resulted in readings of a blood alcohol concentration of .041% and .040%, respectively. Robbins was transported back to the Port of Entry where he was issued a citation for a violation of Wyo. Stat. Ann. § 31–18–701(a) (LexisNexis 2007) for a violation of Federal Motor Carrier Safety Regulation 392.5 (.04%).

[¶ 5] Robbins received notice of disqualification of his commercial driver's license (CDL) from the Wyoming Department of Transportation (WYDOT), dated April 5, 2006. Robbins timely requested a contested case hearing in the matter. At the hearing,

Robbins argued that according to Wyo. Stat. Ann. § 31–7–305 (LexisNexis 2007), a suspension for "driving or [being] in actual physical control of a commercial motor vehicle while the alcohol concentration of the person's blood, breath or other bodily substance is four one-hundredths of one percent (0.04%) or more," required a conviction as defined by Wyo. Stat. Ann. § 31–7–102(a)(xi) (LexisNexis 2007). On October 5, 2006, the hearing examiner issued an order upholding commercial vehicle disqualification.

[¶ 6] Robbins filed a petition for writ of review in the third judicial district on October 23, 2006. WYDOT filed a motion to dismiss petition for writ of review, arguing that the central issue in the case was the constitutionality of Wyo. Stat. Ann. § 31–7–105(e) (LexisNexis 2007), and that the proper avenue to address the issue was through a declaratory judgment action. The district court agreed and issued its Order Dismissing Petition for Writ of Review on February 8, 2007. Accordingly, Robbins filed a complaint for declaratory judgment, and supporting brief, asking the district court to declare § 31–7–105(e) unconstitutional, and seeking an order directing WYDOT to reinstate his CDL. WYDOT filed an answer and reply brief, and the Court heard oral arguments on July 2, 2007. The parties supplied supplemental briefing to the Court addressing whether or not a CDL is a professional license.

[¶ 7] On January 25, 2008, the district court entered its Order on Declaratory Judgment Action, reversing the Office of Administrative Hearing's (OAH) Order Upholding Commercial Vehicle Disqualification. The order did not address any constitutional issues. Instead, it decided the cases on issues raised in the petition for writ of review, which was previously dismissed.

[¶ 8] On February 25, 2008, WYDOT filed a notice of appeal. On December 15, 2008, this Court issued a Mandate Reversing Judgment, reversing and remanding the case to the district court to consider Robbins' claim that the applicable statutes are unconstitutional. *DOT v. Robbins*, 2008 WY 148, ¶ 13, 197 P.3d 1243, 1246 (Wyo.2008).

[¶ 9]   In response to this Court's decision, the district court entered its Order on Declaratory Judgment Action, and again reversed the OAH's Order Upholding Commercial Disqualification.   In addressing the constitutionality of Wyo. Stat. Ann. §§ 31–7–305 and 31–7–307 (LexisNexis 2007), the district court held, "[t]he appropriate standard for cases involving the disqualification of a commercial driver's license is clear and convincing evidence," and that "the use of a preponderance of evidence standard results in a denial of due process and is unconstitutional."   With regard to the statutes, the court stated, "[b]ecause the hearing examiner could have applied a clear and convincing standard in evaluating the evidence even though the statute is silent, the statute is not facially unconstitutional."   This appeal followed.

## STANDARD OF REVIEW

[¶ 10]   "Inasmuch as the facts are not in dispute and the issues present questions of law, this [C]ourt conducts a *de novo* review of the district court's conclusions of law."   *Robbins*, ¶ 7, 197 P.3d at 1245.

## DISCUSSION

[¶ 11]   In addressing the constitutionality of §§ 31–7–305 and 31–7–307, the district court held, "[t]he appropriate standard for cases involving the disqualification of a commercial driver's license is *clear and convincing evidence*," and that "*the use of a preponderance of evidence standard results in a denial of due process and is unconstitutional.*"   (Emphasis added.)

[¶ 12]   The State argues on appeal that the district court should have used the preponderance of the evidence standard in evaluating the evidence, rather than the clear and convincing standard.   Robbins responds that due process "requires" that the clear and convincing evidence standard that is applied to professional license cases be applied to the disqualification of a commercial driver's license case.   (See *Billings v. Wyo. Bd. of Outfitters & Prof'l Guides*, 2004 WY 42, 88 P.3d 455 (Wyo.2004) (hunting guide license); *State ex rel. DOT v. Legarda*, 2003 WY 130, ¶ 15, 77 P.3d 708, 713 (Wyo.2003) (automobile

sales license); *In re Licensure of Jerry Penny v. State ex rel. Wyo. Mental Health Professions Licensing Bd.*, 2005 WY 117, ¶ 13, 120 P.3d 152, 160–61 (Wyo.2005) (social worker license); *Dorr v. State Bd. of Certified Public Accountants*, 2001 WY 37, 21 P.3d 735 (Wyo.2001) (accounting license)).

[¶ 13]   Due process is a flexible concept which calls for such procedural protections as the time, place, and circumstances demand.   *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542–43, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Wilson v. Board of Indiana Employment Sec. Div.*, 270 Ind. 302, 309, 385 N.E.2d 438, 444 (1979), *cert. denied*, 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101 (1979).   In order to determine the specific dictates of due process in a given situation, it is necessary to balance three distinct factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, along with the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

[¶ 14]   The Wyoming statutes make clear that driving is not a fundamental right, but a privilege.   Wyo. Stat. Ann. § 31–7–102(a)(xxv) (LexisNexis 2009) provides:

> "License," "driver's license," "commercial driver's license," "instruction permit" or "intermediate permit" means a license or permit secured by a person from the division, in accordance with this act which grants the privilege to drive or operate a motor vehicle on the public highways, streets and roads of this state[.]

[¶ 15]   In *Dept. of Revenue & Taxation v. Hull*, 751 P.2d 351, 356 (Wyo.1988), we stated that "[A] license revocation hearing is civil in nature and the probable cause must only be proven by a preponderance of the evidence." Although the license in *Hull* was non-commercial, our position was clear that a license revocation hearing is civil in nature, and the probable cause that must be proven requires only a preponderance of the evidence.

[¶ 16]   In reviewing the risk of error in a commercial license disqualification proceeding, we agree with the State that the district court erroneously focused on the criminality of Robbins' offense, rather than realizing that the heart of this matter in particular is the administrative portion of the case.   The district court reasoned that because "the scope of the hearing prohibits a testing of the accuracy of the chemical test or allow proof to be made upon a written report with no opportunity for cross examination," then the risk of error increases.   In its analysis, the district court relied on *Painter v. Abels*, 998 P.2d 931, 941 (Wyo.2000), regarding the due process concerns with considering a person's "property interest in a professional license or one's liberty interest in a right to earn a living."   Here, we are faced with Robbins' interest in his commercial driver's license.   As we stated above, the Wyoming statutes recognize a commercial driver's license as a privilege, not a constitutional right.   Moreover, this Court has never equated a professional license to a commercial driver's license.   In fact, we have unequivocally distinguished between the two.

[image mark]   In *Cervelli v. Graves*, 661 P.2d 1032 (Wyo.1983), this Court faced the issue of whether a plaintiff in a negligence action was entitled to a jury instruction that, as a matter of law, a professional truck driver is held to a higher standard of care.   *Id.*, 661 P.2d at 1038.   We explained that all drivers, regardless of class, are held to the same standard of care under the circumstances.   *Id.*, 661 P.2d at 1039.   In *Cervelli*, this Court refused to elevate the status of a commercial driver's license.   To date, we remain in agreement with *Cervelli.*

[image mark]   While the legislature did not provide for a burden of proof in a commercial driver's license disqualification proceeding, and while this Court has never addressed the burden of proof in a commercial driver's license appeal, as we are asked to do here, we have held in *Hull*, that a non-commercial driver's license hearing requires only a preponderance of evidence burden of proof. Moreover, we note the distinct difference between a professional license, such as a medical license and a driver's license.   One involves a fundamental right, and one does not.   A commercial driver's license is a privilege and not a right, and thus does not rise to the level necessitating a clear and convincing evidence burden of proof.

[¶ 19]   Accordingly, we also disagree with the district court that the Wyoming statutes governing the disqualification of commercial driver's licenses are unconstitutional.   We are confident that the preponderance of evidence standard of review applies in this instance.   Accordingly, because we reverse the district court's decision that due process requires a clear and convincing evidence standard in proceedings to disqualify a commercial driver, we conclude that the district court was also erroneous in determining that the statute, as applied here, denies Robbins his due process rights to the clear and convincing evidence standard.

### CONCLUSION

[¶ 20]   The district court erred in finding that clear and convincing evidence, rather than a preponderance of the evidence, is required to uphold a commercial driver's license disqualification in a contested case proceeding and in finding that Robbins' constitutional right to due process was violated. Reversed.